**SCHLEIER, JELLISON & SCHLEIER, P.C.**
3101 N. Central Avenue
Suite 1090
Phoenix, Arizona 85012
Telephone:  (602) 277-0157
Facsimile:  (602) 230-9250

TOD F. SCHLEIER, ESQ.  #004612
tschleier@sjslaw.net
BRADLEY H. SCHLEIER, ESQ.  #011696
bschleier@sjslaw.net
JAMES M. JELLISON, ESQ.  #012763
jjellison@sjslaw.net

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Heidi Doyle, a married woman, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | **(Jury Trial Demanded)** |
| Sports Jet LLC, a foreign corporation; Luxury Air, LLC, a foreign corporation, Transtaff, Inc., an Arizona corporation; Pace Airlines, Inc., a foreign corporation, | |
| Defendants. | |

Plaintiff, by and through counsel, for her Complaint against Defendants, alleges:

**JURISDICTION AND VENUE**

1.      This action is brought to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment  and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et. seq*. ("Title VII").

2.      Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e (f) and (g).

3.      Plaintiff Heidi Doyle filed a charge of sex discrimination and retaliation against Defendants Sports Jet, LLC ("Sports Jet"), Luxury Air, LLC ("Luxury Air"), Transtaff, Inc. ("Transtaff") and Pace Airlines, Inc. ("Pace Airlines") with the Equal Employment Opportunity Commission [hereinafter "EEOC"] on or about October 9, 2003.

4.      On or about September 28, 2005, the EEOC issued its Letter of Determination which stated:

> The Commission's investigation revealed that Charging Party and a class of females were subjected to sexual harassment and that immediate appropriate actions were not taken by Respondent.
>
> Respondent's reasons for Charging Party not being offered employment were not supported by the evidence.  In addition, the record revealed that at least one other female who had complained about protected activity was not offered employment with Pace Airlines.
>
> Accordingly, I find reasonable cause to believe that Respondent subjected Charging Party and a class of female employees to sexual harassment and that Respondent retaliated against Charging Party and at least one other female employee by not being offered them employment because of their protected activities.

5.      On or about June 29,  2006, the EEOC issued a Notice of Right to Sue to Plaintiff.

6.      Plaintiff has complied fully with all prerequisites for jurisdiction in this Court under Title VII.  Jurisdiction of this Court is proper under §706(f)(3) of Title VII, 42 U.S.C. § 20003-5(f)(3).

7.      As the unlawful employment practices complained of herein occurred within Maricopa County, venue is proper in this District Court.

**PARTIES**

8.      Plaintiff is a married woman who currently resides in Maricopa County, Arizona.

9.      Defendants Sports Jet, LLC  and Luxury Air, LLC are foreign corporations authorized and doing business in the State of Arizona.  Sports Jet  and Luxury Air are in the business of providing charter flights to various places throughout the United States and to foreign locations for various sports organizations.  As part of its service, flight attendants are

utilized to provide for the needs of the passengers being transported.  At all times relevant hereto, Carl Rodrigue ("Rodrigue") was the Director of Airline Services for Sports Jet and Luxury Air.  Among other duties, he was responsible for supervising, and scheduling the flight attendants employed by Sports Jet and Luxury Air.  Defendants Sports Jet and Luxury Air, are employers and/or joint employers pursuant to Title VII.

10.     Defendant Transtaff, Inc. is an Arizonan corporation authorized and doing business in the State of Arizona.  Transtaff assigns employees to Sports Jet and Luxury Air, pays them their earnings, provides them with insurance and other benefits, and assists in the supervision of them on behalf of Sports Jet and Luxury Air.  As part of its service to Sports Jet and Luxury Air, Transtaff provides a Human Resource director, advises Sports Jet and Luxury Air on personnel matters, deals with personnel issues, investigates complaints between employees and management and disciplines and terminates employees as deemed appropriate by it, Sports Jet and Luxury Air.  Susan Merrill ("Merrill") was the person assigned by Transtaff to direct Human Resource activities at Sports Jet and Luxury Air. Defendant Transtaff is an employer and/or joint employer pursuant to Title VII.

11.     Defendant Pace Airlines, Inc. is a foreign corporation authorized and doing business in the State of Arizona  and caused events to occur in the State of Arizona upon which Plaintiff's cause of action is based.  Defendant Pace Airlines is an employer and/or joint employer pursuant to Title VII.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.     Plaintiff  began her employment with Defendants Sports Jet, Luxury Air and Transtaff  as a flight attendant in November 1999.  Defendants Sports Jet and Luxury Air were acting as single  or joint employers  with Defendants Transtaff.

13.     In February or March 2002, Plaintiff and other female flight attendants heard that Defendant Sport Jet/Luxury Air's Director of Airline Services, Carl Rodrigue, had said

that Defendant Sports Jet pays for all their flight attendants' "boob jobs," that all flight attendants had to have "bikini waxes" and that he was in charge of "crotch checks." When Plaintiff and other flight attendants told Mr. Rodrigue that we were offended by what be said, his response was "can't you girls take a joke?"

14.     On May 4-5 2002, Plaintiff and other female flight attendants working on a chartered flight were verbally arid physically sexually harassed and sexually assaulted by several male passengers on the chartered flight. The harassment consisted of, *inter alia*, demands for sexual favors, name calling, prancing around the aircraft practically naked, inappropriate touching and groping.

15.     When Plaintiff and other female flight attendants complained to Carl Rodrigue about this harassment and assault, they were told that if they made any official complaints and/or retained a lawyer, they would lose their jobs. For this reason, Plaintiff did not make any official complaints nor retain an attorney. Plaintiff also complained numerous times to management about the sexual behavior of certain flight attendants with other employees and clients of Defendants Sports Jet and Luxury Air and the favoritism shown to these flight attendants.

16.     On or about March 20, 2003, at a training session Plaintiff again complained to Carl Rodrigue about this issue. Defendants' management failed and refused to take any action to remedy the situation and retaliated against Plaintiff by accusing her of slander and threatening to terminate her employment on March 31, 2003. Defendants' management continued to fail to take any action to remedy the hostile work environment.

17.     Plaintiff and other flight attendants were notified that Defendants Sports Jet and Luxury Air would be operating under the "umbrella" of Defendant Pace Airlines, Inc. and that all eligible Sports Jet and Luxury Air employees were told they would be re-hired and all were re-hired during the re-hiring process.

18.     Defendant Pace Airlines and Carl Rodrigue, on or about late September 2003 made the decision not to re-hire Plaintiff and another female employee who had opposed unlawful sexual harassment practices by Defendants Sports Jet, Luxury Air and Transtaff. Plaintiff learned about this decision in early October 2003.

## COUNT ONE

### (Violation of Title VII - Sexual Harassment)

19.     By reference hereto, Plaintiff incorporates paragraphs 1-18.

20.     Defendants Sports Jet, Luxury Air and Transtaff have discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII as a result of the sexually hostile work environment.

21.     As a direct result of the sexually hostile work environment, Plaintiff has suffered mental and emotional distress, pain and suffering, anger, depression, anxiety, humiliation and embarrassment.

22.     The actions of Defendants Sports Jet, Luxury Air and Transtaff were done in reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to recover punitive and exemplary damages.

## COUNT TWO

### (Violation of Title VII - Retaliation)

23.     By reference hereto, Plaintiff incorporates paragraphs 1-18.

24.     Defendants have retaliated against Plaintiff due to their bringing complaints of sexual harassment to their attention.

25.    That as a direct and proximate result of the retaliatory action of Defendants, Plaintiff was not re-hired by Defendant Pace Airlines and she was therefore termination from her employment.

26.    As a direct result of the retaliatory actions by Defendants, Plaintiff has suffered mental and emotional distress, pain and suffering, anger, depression, anxiety, humiliation and embarrassment.  As a further direct result of the retaliatory actions by Defendants, Plaintiff has suffered lost wages and the value of lost benefits.

27.    The actions of Defendants were done in reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to recover punitive and exemplary damages.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as follows:

1.    Declaring the acts and practices complained of herein are in violation of Title VII;

2.    Compensatory and Special damages to be proven at time of trial;

3.    Punitive damages pursuant to Title VII;

4.    Prejudgment and post-judgment interest;

5.    Attorneys' fees and costs of suit as provided by §706(k) of Title VII, 42 U.S.C. §2000e-6(k); and

6.    For such other relief this Court deems just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff  hereby demands a jury trial.

DATED this 18th day of July, 2006.

SCHLEIER, JELLISON & SCHLEIER, P.C.

/s/Tod F. Schleier
Attorney for Plaintiff