1    Neil M. Alexander; AZ Bar No. 020757
     Cyrus Martinez, AZ Bar No. 021207
2    LITTLER MENDELSON
     A Professional Corporation
3    Camelback Esplanade
     2425 East Camelback Road
4    Suite 900
     Phoenix, AZ  85016
5    Telephone:    602.474.3600
     Facsimile:    602.957.1801
6    Email:  nalexander@littler.com
             cmartinez@littler.com
7
     Attorneys for Defendants
8    SPORTS JET, LLC and LUXURY AIR, LLC

9

10                   UNITED STATES DISTRICT COURT

11                    FOR THE DISTRICT OF ARIZONA

12

13   Heidi Doyle,                          Case No.  CV 06-01789-PHX-SRB

14            Plaintiff,

15   v.                                     **ANSWER TO COMPLAINT**

16   Sports Jet, LLC, a foreign corporation,
     Luxury Air, LLC, a foreign corporation,
17   Transtaff, Inc., an Arizona corporation,
     Pace Airlines, Inc., a foreign corporation,
18
              Defendant.
19

20

21        Defendants Sports Jet, LLC and Luxury Air, LLC (collectively "Defendants"), by and

22   through their undersigned counsel, hereby Answer the Complaint ("Complaint") of Plaintiff

23   Heidi Doyle ("Plaintiff") and admit, deny, and affirmatively alleges as follows:

24                      **JURISDICTION AND VENUE**

25        1.      In response to Paragraph 1 of the Complaint, Defendants acknowledge this is a

26   federal question Title VII dispute.  Defendants deny they have violated Title VII.

27        2.      In response to Paragraph 2 of the Complaint, Defendants acknowledge this is a

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1   federal question Title VII dispute.  Defendants deny they have violated Title VII.

2       3.      In response to Paragraph 3 of the Complaint, Defendants admit each and every

3   allegation contained in Paragraph 3 of the Complaint.

4       4.      In response to Paragraph 4 of the Complaint, Defendants admit each and every

5   allegation contained in Paragraph 4 of the Complaint.  Defendants further affirmatively

6   allege that the EEOC Determination is not legally or factually supportable, and that the

7   conclusion is inaccurate as a matter of law.

8       5.      In response to Paragraph 5 of the Complaint, Defendants admit each and every

9   allegation contained in Paragraph 5 of the Complaint.

10      6.      In response to Paragraph 6 of the Complaint, to the extent Plaintiff alleges facts

11  or theories that are outside the scope of the Charge filed with the EEOC, Defendants deny

12  the allegations in Paragraph 6 of the Complaint.  Defendants further affirmatively allege all

13  alleged acts of harassment occurred prior to 300 days of the date Charge was filed.

14      7.      In response to Paragraph 7 of the Complaint, Defendants agree venue is proper,

15  but deny they engaged in any wrongdoing.

16                                **PARTIES**

17      8.      In response to Paragraph 8 of the Complaint, Defendants have insufficient

18  information or belief to enable Defendants to answer the allegations set forth in Paragraph 8

19  of the Complaint and, on that basis, deny each and every allegation set forth in Paragraph 8

20  of the Complaint.

21      9.      In response to Paragraph 9 of the Complaint, Defendants deny each and every

22  allegation contained therein.

23      10.     In response to Paragraph 10 of the Complaint, Defendants admit Transtaff

24  formerly acted as a PEO for SportsJet, LLC and that Susan Merrill provided human resource

25  services on behalf of Transtaff.  Defendants are unaware of the corporate status of Transtaff

26  and therefore deny that allegation.  Defendants deny each and every remaining allegation

27  contained in Paragraph 10 of the Complaint.

28      11.     In response to Paragraph 11 of the Complaint, Defendants have insufficient

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-2-

1    information or belief to enable Defendants to answer the allegations set forth in Paragraph 11

2    of the Complaint and, on that basis, deny each and every allegation contained therein.

3                    **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4        12.    In response to Paragraph 12 of the Complaint, Defendants deny each and every

5    allegation contained therein.

6        13.    In response to Paragraph 13 of the Complaint, Defendants are unaware of

7    what Plaintiff and other flight attendants heard and deny the allegations on that basis.

8    Defendants further affirmatively allege that Carl Rodrigue was not employed in any

9    supervisory capacity, and was not the Director of Airline Services at the time of the alleged

10   comments.  Defendants deny each and every remaining allegation in Paragraph 13 of the

11   Complaint.

12       14.    In response to Paragraph 14 of the Complaint, Defendants have insufficient

13   information or belief to enable Defendants to answer the allegations set forth in Paragraph 14

14   of the Complaint and, on that basis, deny each and every allegation set forth in Paragraph 14

15   of the Complaint.

16       15.    In response to Paragraph 15 of the Complaint, Defendants deny each and

17   every allegation contained therein.

18       16.    In response to Paragraph 16 of the Complaint, Defendants admit that in or

19   about March 2003, during a training session, Plaintiff commented that she had witnessed co-

20   workers violating the anti-fraternization policies with transported team players.  However,

21   Plaintiff refused to provide any details or otherwise cooperate.  Defendants deny all

22   remaining allegation in Paragraph 16 of the Complaint.

23       17.    In response to Paragraph 17 of the Complaint, Defendants deny each and

24   every allegation contained therein.

25       18.    In response to Paragraph 18 of the Complaint, Defendants deny each and

26   every allegation contained therein.

27   ///

28   ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-3-

## COUNT ONE

## (VIOLATION OF TITLE VII – SEXUAL HARASSMENT)

19. Defendants answer Paragraph 19 of the Complaint by incorporating by reference, its responses to Paragraphs 1-18, as set forth above.

20. In response to Paragraph 20 of the Complaint, Defendants deny each and every allegation contained therein.

21. In response to Paragraph 21 of the Complaint, Defendants deny each and every allegation contained therein.

22. In response to Paragraph 22 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT TWO

## (VIOLATION OF TITLE VII – RETALIATION)

23. In response to Paragraph 23 of the Complaint, Defendants answer Paragraph 23 of the Complaint by incorporating by reference its answers to Paragraphs 1-22 of the Complaint, as set forth above.

24. In response to Paragraph 24 of the Complaint, Defendants deny each and every allegation contained therein.

25. In response to Paragraph 25 of the Complaint, Defendants deny each and every allegation contained therein.

26. In response to Paragraph 26 of the Complaint, Defendants deny each and every allegation contained therein.

27. In response to Paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein.

## PRAYER FOR RELIEF

28. Defendants deny each and every factual allegation set forth in the prayer for relief, and deny Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state causes of action upon which relief may be

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-4-

1    granted.

2         2.    Plaintiff's claims are barred in whole or in part by applicable statutes of

3    limitation.

4         3.    Plaintiff's claims are barred in whole or in part because Plaintiff has failed to

5    exhaust her administrative, statutory, and/or contractual remedies.  Specifically, all of the

6    alleged harassment occurred more then 300 days before Plaintiff filed her Charge of

7    Discrimination.

8         4.    Plaintiff's damages are barred, in whole or in part, because Plaintiff failed to

9    take reasonable and necessary steps to mitigate her damages.

10        5.    The damages in this case are limited by any applicable statutory cap including,

11   but not limited to, the statutory cap set forth in 42 U.S.C. § 1981(a).

12        6.    Defendants would have taken the same action regardless of Plaintiff's gender

13   and/or whether she engaged in any protected activity.

14        7.    Defendants exercised reasonable care to prevent and promptly correct any

15   harassing or retaliatory behavior and Plaintiff unreasonably failed to take advantage of any

16   preventative or corrective opportunities provided by Defendants, or to otherwise avoid harm.

17        8.    Defendants allege that Plaintiff is not entitled to punitive damages because the

18   alleged misconduct would be contrary to Defendant's good faith efforts to comply with Title

19   VII and other relevant laws.

20        9.    Defendants allege that any unlawful or other wrongful acts attributed to any

21   person employed by Defendants or attributed to alleged joint employees, were outside the

22   scope of his or her authority and such acts, if any, were not authorized, ratified or condoned

23   by Defendants, nor did Defendants know or have reason to be aware of such conduct.

24        10.   Defendants allege that if any of the alleged acts occurred, they occurred

25   outside the course and scope of employment of Defendants.

26        11.   Defendants allege that the Plaintiff assumed whatever risk or hazard existed at

27   the time of the alleged incident and therefore was responsible for any alleged injuries

28   suffered.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1    12.    Defendants allege that Plaintiff was contributorily negligent, supercedingly

2  negligent, and or comparatively negligent and that such conduct reduces and/ or bars

3  Plaintiff's recovery.

4    13.    Defendants allege that the injuries, if any, suffered by the Plaintiff as set forth

5  in the Plaintiff's Complaint were caused in whole or in part by the negligent, intentional

6  and/or criminal activity of a third party which was outside the scope of his employment or

7  contractual agency and was not foreseeable by Defendants.

8    WHEREFORE, Defendants pray as follows:

9    1.    That judgment be entered on Plaintiff's Complaint in favor of Defendants and

10  that the Court dismiss Plaintiff's Complaint with prejudice in its entirety;

11    2.    That Plaintiff take nothing from her Complaint;

12    3.    That the Court award Defendants its attorneys' fees and costs of suit incurred

13  herein; and

14    4.    That the Court award Defendants any further relief it deems appropriate.

15    DATED this 1st day of September 2006.

16

17

18
                                          /s/ Neil Alexander
                                          Neil M. Alexander
19                                        Cyrus Martinez
                                          LITTLER MENDELSON, P.C.
20                                        Attorneys for Defendants
                                          Sports Jet, LLC and Luxury Air, LLC

21  I hereby certify that on September 1st, 2006, I
    electronically transmitted the attached
22  document to the Clerk's Office using the
    CM/ECF System for filing and transmittal
23  of a Notice of Electronic Filing to the
    following CM/ECF registrant:
24

25  Tod Schleier, Esq.
    SCHLEIER, JELLISON & SCHLEIER, P.C.
26  3101 N. Central Avenue
    Suite 1090
27  Phoenix, AZ  85012

28  /s/ C.L. Barlow
    Firmwide:81347633.1 044202.1002

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-6-