Neil M. Alexander; AZ Bar No. 020757
Cyrus B. Martinez, AZ Bar No. 021207
LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
Telephone:   602.474.3600
Facsimile:   602.957.1801
Email:   nalexander@littler.com
         cmartinez@littler.com

Attorneys for Defendant
PACE AIRLINES, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heidi Doyle, | Case No.  CV 06-01789-PHX-SRB |
| Plaintiff, | |
| v. | **ANSWER TO COMPLAINT** |
| Sports Jet, LLC, a foreign corporation, Luxury Air, LLC, a foreign corporation, Transtaff, Inc., an Arizona corporation, Pace Airlines, Inc., a foreign corporation, | |
| Defendant. | |

Defendant Pace Airlines, Inc. ("Defendant"), by and through its undersigned counsel, hereby Answers the Complaint ("Complaint") of Plaintiff Heidi Doyle ("Plaintiff") and admits, denies, and affirmatively alleges as follows:

**JURISDICTION AND VENUE**

1.  In response to Paragraph 1 of the Complaint, Defendant acknowledges this is a federal question Title VII dispute.  Defendant denies that it has violated Title VII.

2.  In response to Paragraph 2 of the Complaint, Defendant acknowledges this is a

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

federal question Title VII dispute. Defendant denies that it has violated Title VII.

3. In response to Paragraph 3 of the Complaint, Defendant admits each and every allegation contained in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Defendant admits each and every allegation contained in Paragraph 4 of the Complaint. Defendant further affirmatively alleges that the EEOC Determination is not legally or factually supportable, and that the conclusion is inaccurate as a matter of law.

5. In response to Paragraph 5 of the Complaint, Defendant admits each and every allegation contained in Paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint, to the extent Plaintiff alleges facts or theories that are outside the scope of the Charge filed with the EEOC, Defendant denies the allegations in Paragraph 6 of the Complaint. Defendant further affirmatively alleges all alleged acts of harassment occurred prior to 300 days of the date Charge was filed.

7. In response to Paragraph 7 of the Complaint, Defendant agrees venue is proper, but denies it engaged in any wrongdoing.

**PARTIES**

8. In response to Paragraph 8 of the Complaint, Defendant has insufficient information or belief to enable Defendant to answer the allegations set forth in Paragraph 8 of the Complaint and, on that basis, denies each and every allegation set forth in Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint, Defendant denies each and every allegation contained therein.

10. In response to Paragraph 10 of the Complaint, Defendant has insufficient information or belief to enable Defendant to answer the allegations set forth in Paragraph 10 of the Complaint and, on that basis, denies each and every allegation contained therein.

11. In response to Paragraph 11 of the Complaint, Defendant admits that Pace Airlines, Inc. is a foreign corporation authorized and doing business in the State of Arizona, and that it is an employer pursuant to Title VII. Defendant specifically denies that it

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-2-

employed, or retaliated against Plaintiff. Defendant denies all remaining allegations in Paragraph 11 of the complaint.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. In response to Paragraph 12 of the Complaint, Defendant has insufficient information or belief to enable Defendant to answer the allegations set forth in Paragraph 12 of the Complaint and, on that basis, denies each and every allegation set forth in Paragraph 12 of the Complaint.

13. In response to Paragraph 13 of the Complaint, Defendant is unaware of what Plaintiff and other flight attendants heard and denies the allegations on that basis. Defendant has insufficient information or belief to enable Defendant to answer the remaining allegations set forth in Paragraph 13 of the Complaint and, on that basis, denies each and every allegation set forth in Paragraph 13 of the Complaint.

14. In response to Paragraph 14 of the Complaint, Defendant has insufficient information or belief to enable Defendant to answer the allegations set forth in Paragraph 14 of the Complaint and, on that basis, denies each and every allegation set forth in Paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, Defendant has insufficient information or belief to enable Defendant to answer the allegations set forth in Paragraph 15 of the Complaint and, on that basis, denies each and every allegation set forth in Paragraph 15 of the Complaint.

16. In response to Paragraph 16 of the Complaint, Defendant has insufficient information or belief to enable Defendant to answer the allegations set forth in Paragraph 16 of the Complaint and, on that basis, denies each and every allegation set forth in Paragraph 16 of the Complaint.

17. In response to Paragraph 17 of the Complaint, Defendant denies that all Sports Jet and Luxury Air employees "were re-hired during the re-hiring process." Defendant has insufficient information or belief to enable Defendant to answer the remaining allegations set forth in Paragraph 17 of the Complaint and, on that basis, denies each and every remaining

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1  allegation set forth in Paragraph 17 of the Complaint.

2      18.    In response to Paragraph 18 of the Complaint, Defendant denies each and
3  every allegation contained therein.

## COUNT ONE

### (VIOLATION OF TITLE VII – SEXUAL HARASSMENT)

6      19.    Defendant answers Paragraph 19 of the Complaint by incorporating by
7  reference, its responses to Paragraphs 1-18, as set forth above.

8      20.    In response to Paragraph 20 of the Complaint, Defendant denies each and
9  every allegation contained therein.

10      21.    In response to Paragraph 21 of the Complaint, Defendant denies each and
11  every allegation contained therein.

12      22.    In response to Paragraph 22 of the Complaint, Defendant denies each and
13  every allegation contained therein.

## COUNT TWO

### (VIOLATION OF TITLE VII – RETALIATION)

16      23.    Defendant answers Paragraph 23 of the Complaint by incorporating by
17  reference its answers to Paragraphs 1-22 of the Complaint, as set forth above.

18      24.    In response to Paragraph 24 of the Complaint, Defendant denies each and
19  every allegation contained therein.

20      25.    In response to Paragraph 25 of the Complaint, Defendant denies each and
21  every allegation contained therein.

22      26.    In response to Paragraph 26 of the Complaint, Defendant denies each and
23  every allegation contained therein.

24      27.    In response to Paragraph 27 of the Complaint, Defendant denies each and
25  every allegation contained therein.

## PRAYER FOR RELIEF

27      28.    Defendant denies each and every factual allegation set forth in the prayer for
28  relief, and denies Plaintiff is entitled to any relief whatsoever.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-4-

# AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state causes of action upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in part by applicable statutes of limitation.

3. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to exhaust her administrative, statutory, and/or contractual remedies. Specifically, all of the alleged harassment occurred more then 300 days before Plaintiff filed her Charge of Discrimination.

4. Plaintiff's damages are barred, in whole or in part, because Plaintiff failed to take reasonable and necessary steps to mitigate her damages.

5. The damages in this case are limited by any applicable statutory cap including, but not limited to, the statutory cap set forth in 42 U.S.C. § 1981(a).

6. Defendant would have taken the same action regardless of Plaintiff's gender and/or whether she engaged in any protected activity.

7. Defendant exercised reasonable care to prevent and promptly correct any harassing or retaliatory behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, or to otherwise avoid harm.

8. Defendant alleges that Plaintiff is not entitled to punitive damages because the alleged misconduct would be contrary to Defendant's good faith efforts to comply with Title VII and other relevant laws.

9. Defendant alleges that any unlawful or other wrongful acts attributed to any person employed by Defendant or attributed to alleged joint employees, were outside the scope of his or her authority and such acts, if any, were not authorized, ratified or condoned by Defendant, nor did Defendant know or have reason to be aware of such conduct.

10. Defendant alleges that if any of the alleged acts occurred, they occurred outside the course and scope of employment of Defendant.

11. Defendant alleges that the Plaintiff assumed whatever risk or hazard existed at

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

the time of the alleged incident and therefore was responsible for any alleged injuries suffered.

12. Defendant alleges that Plaintiff was contributorily negligent, supercedingly negligent, and or comparatively negligent and that such conduct reduces and/ or bars Plaintiff's recovery.

13. Defendant alleges that the injuries, if any, suffered by the Plaintiff as set forth in the Plaintiff's Complaint were caused in whole or in part by the negligent, intentional and/or criminal activity of a third party which was outside the scope of his employment or contractual agency and was not foreseeable by Defendant.

WHEREFORE, Defendant prays as follows:

1. That judgment be entered on Plaintiff's Complaint in favor of Defendant and that the Court dismiss Plaintiff's Complaint with prejudice in its entirety;

2. That Plaintiff take nothing from her Complaint;

3. That the Court award Defendant its attorneys' fees and costs of suit incurred herein; and

4. That the Court award Defendant any further relief it deems appropriate.

DATED this 11th day of September 2006.

/s/ Neil Alexander
Neil M. Alexander
Cyrus B. Martinez
LITTLER MENDELSON, P.C.
Attorneys for Defendant
Pace Airlines, Inc.

I hereby certify that on September 11th, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1  Tod Schleier, Esq.
   SCHLEIER, JELLISON & SCHLEIER, P.C.
2  3101 N. Central Avenue
   Suite 1090
3  Phoenix, AZ  85012

4  /s/ C.L. Barlow
   Firmwide:81462113.1 044202.1002

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-7-